Dano, Gilbert & Ahrend, PLLC
100 East Broadway
PO Box 2149
Moses Lake, WA  98837
(509) 764-8426

HONORABLE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAYNE ALAN CHRISTENSEN ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> REC SOLAR GRADE SILICON, L.L.C. ) <br> ) <br> Defendant. ) <br> _____) | NO.  CV-07-089-RHW <br><br> COMPLAINT FOR DAMAGES <br> AND DEMAND FOR JURY |

Plaintiff alleges:

### I.    SUBJECT MATTER JURISDICTION

1.1    This is a Complaint for violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). This

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 1 of 18

**DANO, GILBERT & AHREND, PLLC**
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764

complaint also alleges state law claims arising from the same facts over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1.2    Administrative exhaustion:  All available administrative processes, procedures, and remedial measures have been properly exhausted.

## II.    PARTIES AND PERSONAL JURISDICTION

2.1    Plaintiff re-alleges paragraph 1.1 through 1.2 as though fully set forth herein.

2.2    Plaintiff WAYNE ALAN CHRISTENSEN was at all times material hereto a citizen of Washington residing in Grant County.

2.3    Defendant REC SOLAR GRADE SILICON, L.L.C. (SGS) is a wholly owned subsidiary of the Norwegian based company, REC.  SGS is a limited liability corporation, incorporated under the laws of the State of Delaware, registered to conduct business in Washington State with its primary business offices located in Grant County, Washington.   All acts of SGS alleged in this complaint were performed by authorized agents or employees of the company within the scope of valid agency or employment relationships and for the benefit of the company within Grant County, Washington.

2.4    Grant County is situated within the geographical bounds of the Eastern District of Washington.

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 2 of 18

DANO, GILBERT & AHREND, PLLC
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764

2.5     Defendant SGS is and at all times relevant to the allegations contained herein, was vicariously liable for the acts or omissions of its employees or agents.

### III.     VENUE

3.1     Plaintiff re-alleges paragraphs 1.1 through 2.4 as though fully set forth herein.

3.2     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, without limitation:

3.2.1   Defendant SGS transacts business and maintains offices for the transaction of business in the Eastern District of Washington.

### IV.     FACTUAL ALLEGATIONS

4.1     Plaintiff re-alleges paragraphs 1.1 through 3.2 as though fully set forth herein.

4.2     MR. CHRISTENSEN is a forty-one (41) y/o white married male who was employed with SGS for approximately fourteen (14) years at the time of his termination.

4.3     MR. CHRISTENSEN was originally hired by Advanced Silicon Technologies, Inc. (ASMI) in 1991 as a Product Finisher.  In 1992 MR. CHRISTENSEN applied for and was accepted for the position of Operator in the plant's Silane Unit.  In 1993 MR. CHRISTENSEN was promoted to the position of backup shift supervisor where he remained until 2001 when he was promoted to

Health and Safety / Fire Protection Technician (HSFPT). He remained in the HSFPT position until his termination in May, 2005.

4.4    During his tenure as an employee of ASMI and SGS, MR. CHRISTENSEN was never issued a single corrective action report, disciplinary report nor so much as a questionable performance review. In sum, MR. CHRISTENSEN was a committed professional and a model employee.

4.5    In August, 2002 ASMI and REC entered into a joint business venture and in 2005 REC purchased all shares of SGS in its takeover acquisition of ASMI. During the ownership transition, MR. CHRISTENSEN remained as the HSFPT for the plant.

4.6    In early 2005 MR. CHRISTENSEN began to recognize that he was addicted to cocaine and alcohol.

4.7    As the HSFPT, MR. CHRISTENSEN was very conscientious of his responsibilities at the SGS plant and he took them very seriously. In his 14-year tenure with the company, MR. CHRISTENSEN never once came to work or worked while under the influence of drugs or alcohol.

4.8    Although the off-hours drug and alcohol use never interfered with his employment performance, it did have an adverse effect on MR. CHRISTENSEN's personal life. When his wife filed for divorce, MR.

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 4 of 18

DANO, GILBERT & AHREND, PLLC
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764

CHRISTENSEN decided to seek help with his addiction in an effort to save his marriage.

4.9     During the relevant period, SGS had its own physicians assistant (PA) on staff for assisting employees with medical problems.

4.10    MR. CHRISTENSEN approached the PA in early May, 2005 and confided in him that he thought he might have a problem with drug use and wanted to seek treatment.

4.11    The PA advised MR. CHRISTENSEN that the company would assist him with locating a treatment facility and his job would not be in danger if he came forward and asked for assistance to deal with the problem and medical / disability leave.  When discussing the matter the PA referred to SGS employee policies and specifically mentioned the *Employee Assistance Plan* and applicable leave provisions.

4.12    Relying on the assurances of the PA that his job was secure, MR. CHRISTENSEN went to the HR manager and his direct supervisor and told them what the problem was.  The two managers told MR. CHRISTENSEN they were shocked because there was no indication from his work performance that MR. CHRISTENSEN had a substance abuse problem. MR. CHRISTENSEN assured them that he was not using, nor under the influence, while he was on duty.

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 5 of 18

DANO, GILBERT & AHREND, PLLC
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764

4.13 Initially the HR manager and direct supervisor made vague assurances to MR. CHRISTENSEN that his job was indeed protected. Specifically, the HR manager told MR. CHRISTENSEN that SGS was going to assist him. The HR manager then called the Employee Assistance Plan contacts and handed MR. CHRISTENSEN the phone so he could make an appointment. After MR. CHRISTENSEN got off the phone, the HR manager told MR. CHRISTENSEN to follow through with treatment and keep the company informed of his progress.

4.14 Before leaving the plant, MR. CHRISTENSEN inquired about disability or other leave that he was eligible for while off dealing with the serious health condition. The HR manager was obviously confused at this point and indicated to MR. CHRISTENSEN that he wasn't sure what to do or how to handle the situation. After some consideration, the HR manager called the assistant HR person and told her to figure MR. CHRISTENSEN's pay to date and his retirement and vacation pay due and to pay this out on MR. CHRISTENSEN's next check. The HR manager told MR. CHRISTENSEN to keep him posted as to his status while in treatment.

4.15 At this point, MR. CHRISTENSEN had no idea what his standing was. He asked the HR manager again about his leave status. He was told, again, to keep the HR manager posted through the treatment process to the extent possible. Before he left the HR manger stripped him of his SGS security identification.

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 6 of 18

**DANO, GILBERT & AHREND, PLLC**
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA 98837
(509) 764-8426 FAX (509) 766-7764

4.16   MR. CHRISTENSEN attended the evaluation that was scheduled by the SGS Employee Assistance Program. It was a mental health evaluation – not a substance abuse evaluation.  MR. CHRISTENSEN contacted the HR manager at SGS and informed him of this.  MR. CHRISTENSEN then personally made arrangements to place himself into a voluntary commitment at a regional rehabilitation clinic. He promptly notified SGS of his commitment date. At this point, the HR manager told MR. CHRISTENSEN that he may have to apply for a job when he gets out of treatment.

4.17   During his rehabilitation period MR. CHRISTENSEN began to become even more concerned about his status with SGS.  MR. CHRISTENSEN called the plant on numerous occasions and the HR manager never returned his calls.  MR. CHRISTENSEN did have contact with the assistant HR director – but only for the purpose of dealing with vested retirement and pay issues.

4.18   On June 30, 2005 MR. CHRISTENSEN was released from treatment – he has been clean and sober ever since.

4.19   Upon his return to Moses Lake, MR. CHRISTENSEN called SGS's HR manager as he had been directed prior to treatment.  The HR manager was unavailable.  MR. CHRISTENSEN left a message advising the HR manager that he had completed treatment and was ready to return to work.  His call was never returned.

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 7 of 18

DANO, GILBERT & AHREND, PLLC
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764

4.20   MR. CHRISTENSEN called several more times in an attempt to speak with the HR manager and each time he was put off, or told to leave a message.  On each occasion, MR. CHRISTENSEN left messages requesting a contact and advising that he was ready to return to work.  The HR manager never returned his calls.

4.21   In an attempt to ascertain his status, MR. CHRISTENSEN tried to speak with the assistant HR manager.  The Assistant HR manager was congenial, and told him she was happy that he was doing well.  However, she would not discuss his employment status and told MR. CHRISTENSEN she would have the HR manager call him.  That call never came.

4.22   After several attempts to return to work, it became obvious to MR. CHRISTENSEN that he was not going to be reinstated to his position with SGS.  He had not been protected as promised and his Family Medical Leave rights and disability benefits were ignored.

4.23   MR. CHRISTENSEN justifiably relied upon the representations of the PA and HR manager that his job would be protected.  He followed company protocol and did everything he was directed to do by the PA and HR managers.  He was terminated nonetheless.

4.24   As a direct result of his termination, MR. CHRISTENSEN has suffered damages, including, without limitation, (a) past and future economic loss;

NO.  
WAYNE ALAN CHRISTENSEN vs.  
SOLAR GRADE SILICON, LLC  
Complaint for Damages  
Page 8 of 18

**DANO, GILBERT & AHREND, PLLC**  
LAW OFFICES  
100 EAST BROADWAY*P.O. BOX 2149  
MOSES LAKE, WA  98837  
(509) 764-8426 FAX (509) 766-7764

(b) emotional distress / mental anguish; (c) liquidated damages; (d) prejudgment interest; and (d) attorney's fees and costs.

## V.     CAUSE OF ACTION FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

5.1     Plaintiff re-alleges paragraphs 1.1 through 4.24 as though fully set forth herein.

5.2     SGS is an employer subject to the FMLA. The company had 50 or more employees on its payroll at or within 75 miles of the Moses Lake plant in at least 20 or more calendar workweeks at all times relevant to this complaint.

5.3     MR. CHRISTENSEN was eligible for leave under the FMLA at all times relevant to this complaint. He was employed by SGS for more than 1 year and worked more than 1,250 hours in the twelve (12) months preceding his leave.

5.4     MR. CHRISTENSEN was entitled to leave under the FMLA because he suffered from a serious health condition as defined by the FMLA that required that he remain in a treatment facility for an extended period of time pursuant to his treating providers' recommendations.

5.5     SGS unlawfully interfered with MR. CHRISTENSEN's rights under the FMLA and discriminated against him for exercising those rights, by, without limitation:

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 9 of 18

DANO, GILBERT & AHREND, PLLC
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764

      5.5.1  Failing to advise MR. CHRISTENSEN of his rights when he requested leave; and

      5.5.2  Failing to designate and grant MR. CHRISTENSEN FMLA-qualifying leave; and

      5.5.3  Failing to return MR. CHRISTENSEN to his original position or an equivalent position with equal pay, benefits, and other terms and conditions of employment when he returned from FMLA qualified leave.

5.6    The acts or omissions of SGS which constitute violations of the FMLA were not the result of a good faith belief that its acts or omissions were not a violation of the FMLA.

5.7    The foregoing violations of the FMLA, have caused MR. CHRISTENSEN to suffer damage, including, without limitation, (a) past and future economic loss; (b) emotional distress / mental anguish; (c) liquidated damages; (d) prejudgment interest; and (d) attorney's fees and costs.

## VI.   CAUSE OF ACTION FOR VIOLATIONS OF THE WASHINGTON STATE FAMILY LEAVE ACT (WSFLA)

6.1    Plaintiff re-alleges paragraphs 1.1 through 5.7 as though fully set forth herein.

NO.  
WAYNE ALAN CHRISTENSEN vs.  
SOLAR GRADE SILICON, LLC  
Complaint for Damages  
Page 10 of 18

DANO, GILBERT & AHREND, PLLC  
LAW OFFICES  
100 EAST BROADWAY*P.O. BOX 2149  
MOSES LAKE, WA  98837  
(509) 764-8426 FAX (509) 766-7764

6.2   SGS is an employer subject to the WSFLA. The company conducts business within the geographic bounds of Washington State and had fifty (50) or more employees on its payroll for each working day during each of twenty (20) or more calendar workweeks in the calendar year immediately preceding MR. CHRISTENSEN's termination.

6.3   MR. CHRISTENSEN was eligible for leave under the WSFLA at all times relevant to this complaint. He was employed by SGS for more than twelve (12) months and worked more than 1,250 hours in the twelve (12) months immediately preceding his leave.

6.4   MR. CHRISTENSEN was entitled to leave under the WSFLA because he suffered from a serious health condition as defined by the WSFLA that required his absence from work pursuant to his treating provider's recommendations.

6.5   SGS unlawfully interfered with MR. CHRISTENSEN's rights under the WSFLA and discriminated against him for exercising those rights, by, without limitation:

    6.5.1   Failing to advise MR. CHRISTENSEN of his rights when he requested leave; and

    6.5.2   Failing to designate and grant MR. CHRISTENSEN FMLA-qualifying leave; and

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 11 of 18

DANO, GILBERT & AHREND, PLLC
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764

      6.5.3   Failing to restore MR. CHRISTENSEN to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment at a workplace within twenty miles of his workplace when leave commenced.

    6.6   The foregoing violations of the WSFLA, have caused MR. CHRISTENSEN to suffer damage, including, without limitation, (a) past and future economic loss; (b) emotional distress / mental anguish; (c) liquidated damages; (d) prejudgment interest; and (d) attorney's fees and costs.

## VII.   CAUSE OF ACTION FOR VIOLATIONS OF THE WASHINGTON LAW AGAINST DISCRIMINATION (WLAD)

    7.1   Plaintiff re-alleges paragraphs 1.1 through 6.6 as though fully set forth herein.

    7.2   This Court has subject matter jurisdiction over MR. CHRISTENSEN's claims under the WLAD pursuant to RCW 2.07.010 and 49.60.030.

    7.3   SGS is an employer subject to the requirements of the WLAD.

    7.4   SGS employs more than eight employees.

    7.5   MR. CHRISTENSEN's addiction is a "disability" within the meaning of the WLAD.

NO.  
WAYNE ALAN CHRISTENSEN vs.  
SOLAR GRADE SILICON, LLC  
Complaint for Damages  
Page 12 of 18

DANO, GILBERT & AHREND, PLLC  
LAW OFFICES  
100 EAST BROADWAY*P.O. BOX 2149  
MOSES LAKE, WA  98837  
(509) 764-8426 FAX (509) 766-7764

7.6     MR. CHRISTENSEN's disability did not prevent the proper performance of his job.

7.7     SGS discriminated against MR. CHRISTENSEN because of his disability or perceived disability.

## VIII.  CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

8.1     Plaintiff re-alleges paragraphs 1.1 through 7.10 as though fully set forth herein.

8.2     At all times material hereto, MR. CHRISTENSEN was an employee of SGS.

8.3     SGS owed MR. CHRISTENSEN a duty not to discharge him if the discharge were to contravene a clear mandate of public policy.

8.4     SGS breached the duty owed to MR. CHRISTENSEN when it terminated him because he was exercising his legal rights pursuant to well settled state and federal law.  SGS breached its duty by, without limitation:

    8.4.1  Violation of the Family and Medical Leave Act of 1993 (29 U.S.C.A. §§ 2601 et seq.)

    8.4.2  Violation of the Washington Family Leave Act (RCW 49.78.010 et. seq.)

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 13 of 18

DANO, GILBERT & AHREND, PLLC
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764

8.4.3   Violation of the Washington Law Against Discrimination.

(RCW 49.60.010 et. seq.)

8.5   As a direct and proximate result of SGS's wrongful discharge of MR. CHRISTENSEN in violation of Public Policy, MR. CHRISTENSEN has suffered harm, including, without limitation: (a) past and future economic loss; (b) emotional distress; (c) prejudgment interest; (d) attorneys' fees and costs.

## IX.   HANDBOOK CLAIM

9.1   Plaintiff re-alleges paragraphs 1.1 through 8.7 as though fully set forth herein.

9.2   SGS has, by and through the enactment of employment practices, policies and procedures, created an employment contract in fact between itself and MR. CHRISTENSEN effectively creating an atmosphere of job security and fair treatment with specific promises of specific treatment in specific situations.

9.3   SGS practices, policies and procedures effectively guaranteed MR. CHRISTENSEN that as long as he followed policy and / or state and federal law he would not suffer retaliation or adverse employment actions.

9.4   Without limitation, SGS practices, policies and procedures further guaranteed MR. CHRISTENSEN that:

9.4.1   He would not be terminated without proper authority and without cause.

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 14 of 18

DANO, GILBERT & AHREND, PLLC
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764

      9.4.2   He would not be terminated without first being subjected to the SGS practices, policies and procedures progressive disciplinary action procedures.

      9.4.2   He would not be terminated for taking Family Medical Leave.

      9.4.3   He would not be terminated because he suffers from a protected disability.

      9.4.4   He would not be terminated for exercising his option of seeking help through SGS' Employee Assistance Plan.

9.5   MR. CHRISTENSEN justifiably relied upon the promises of job security inferred by SGS's physicians' assistant and HR managers as well as the SGS practices, policies and procedures when he went to the HR manager seeking assistance and leave to address his addiction disability.

9.6   In terminating MR. CHRISTENSEN in violation of the FMLA, SGS breached the promises of security and fair treatment as set forth by its practices, policies and procedures.

9.7   As a result of the breach of the implied securities created by SGS practices, policies and procedures, MR. CHRISTENSEN suffered harm, including, without limitation: (a) past and future economic loss; (b) emotional distress; (c) prejudgment interest; (d) attorney's fees and costs.

**X.   CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

NO.                                                          DANO, GILBERT & AHREND, PLLC
WAYNE ALAN CHRISTENSEN vs.                           LAW OFFICES
SOLAR GRADE SILICON, LLC                   100 EAST BROADWAY*P.O. BOX 2149
Complaint for Damages                                    MOSES LAKE, WA 98837
Page 15 of 18                                               (509) 764-8426 FAX (509) 766-7764

10.1   Plaintiff re-alleges paragraphs 1.1 through 9.11 as though fully set forth herein.

10.2   MR. CHRISTENSEN consulted in confidence with SGS's in-house medical authority regarding his addiction and need for medical leave to seek treatment therefore.

10.3   The physicians assistant told MR. CHRISTENSEN that the company has internal provisions specifically designed to address this type of problem and if MR. CHRISTENSEN went to the HR manager and told him he needed to take leave to seek treatment for the addiction that his job would be protected.

10.4   MR. CHRISTENSEN justifiably relied upon the physicians assistants' representations that the company would assist him in addressing the addiction, he would be afforded leave to seek treatment, and that reporting his substance abuse problem would not have an adverse impact on his employment with SGS.

10.5   MR. CHRISTENSEN did exactly what he was told to do by the physicians assistant – and he was terminated as a result.

10.6   Upon information and belief, the information communicated to MR. CHRISTENSEN by the physicians assistant was false; MR. CHRISTENSEN justifiably relied upon the information; upon information and belief the physicians assistant failed to use reasonable care or competence in obtaining or

NO.  
WAYNE ALAN CHRISTENSEN vs.  
SOLAR GRADE SILICON, LLC  
Complaint for Damages  
Page 16 of 18

DANO, GILBERT & AHREND, PLLC  
LAW OFFICES  
100 EAST BROADWAY*P.O. BOX 2149  
MOSES LAKE, WA 98837  
(509) 764-8426 FAX (509) 766-7764

communicating the information supplied to MR. CHRISTENSEN; and, as a result of the negligent misrepresentations supplied by the physicians assistant, MR. CHRISTENSEN suffered pecuniary loss.

## XI.  RELIEF REQUESTED

11.1  Plaintiff re-alleges paragraphs 1.1 through 10.6 as though fully set forth herein.

11.2  Based on the foregoing allegations, MR. CHRISTENSEN respectfully asks the Court to award him the following relief:

   a)  Money judgment in an amount necessary to compensate him for his actual damages, including back pay and prejudgment interest thereon, future economic loss and compensation for emotional distress and mental anguish;

   b)  Liquidated damages pursuant to 29 U.S.C. § 2617;

   c)  Attorney's fees and costs authorized by 29 U.S.C. § 2617, RCW 49.48.030, RCW 49.52.070 and RCW 49.46.090.

   d)  Any further relief the Court deems appropriate.

## XII.  DEMAND FOR JURY TRIAL

Plaintiff demands to have all claims and issues in the above-captioned case tried by jury.

DATED THIS 21st day of March, 2007.

NO.  
WAYNE ALAN CHRISTENSEN vs.  
SOLAR GRADE SILICON, LLC  
Complaint for Damages  
Page 17 of 18

DANO, GILBERT & AHREND, PLLC  
LAW OFFICES  
100 EAST BROADWAY*P.O. BOX 2149  
MOSES LAKE, WA  98837  
(509) 764-8426 FAX (509) 766-7764

|   |   |
|---|---|
| 1 | DANO, GILBERT & AHREND, PLLC |
| 2 |  |
| 3 | /s/ William A Gilbert |
| 4 | WILLIAM A. GILBERT, WSBA # 30592 |
| 5 | Attorney for Plaintiff |
|   | Dano, Gilbert and Ahrend |
| 6 | 100 East Broadway |
| 7 | Moses Lake, WA  98837 |
|   | (509) 764-8426 |
| 8 | Fax: (509) 766-7764 |
| 9 | email: bill@dgalaw.com |

NO.
WAYNE ALAN CHRISTENSEN vs.
SOLAR GRADE SILICON, LLC
Complaint for Damages
Page 18 of 18

**DANO, GILBERT & AHREND, PLLC**
LAW OFFICES
100 EAST BROADWAY*P.O. BOX 2149
MOSES LAKE, WA  98837
(509) 764-8426 FAX (509) 766-7764